IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

| | |
|---|---|
| Nel Steffens, Deputy Clerk | Date: July 3, 2008 |
| Therese Lindblom, Court Reporter | |
| Michelle Means, Probation Officer | |

Criminal Action No. 07–cr–00516–EWN

| _Parties:_ | _Counsel:_ |
|---|---|
| UNITED STATES OF AMERICA, | Matthew Kirsch and Wyatt Angelo |
| Plaintiff, | |
| v. | |
| 1. DAVID WILLIAM THOMAS, | William Taylor |
| Defendant. | |

## SENTENCING MINUTES

**2:22 p.m.** Court in session.

Court calls case and appearances. Defendant is present on bond.

**Defendant pled guilty on March 28, 2008, to Count 1 of the Information.**

Discussion regarding restitution figures. Parties have agreed on figures as reflected in Attachment E of the Pre-Sentence Investigation Report.

Statement by Defendant's witness Skip Cannon.

Statement by Defendant's witness Mike McGrath.

Statement by Defendant's witness Diane Thomas.

Statement by victim Thomas Coplin.

Mitigation statement by Mr. Taylor.

Statement by Defendant.

Statement by Mr. Kirsch.

Court's findings.

**ORDERED: 1.     No fine is imposed.**

**ORDERED: 2.     The Government's Section 5K1.1 Motion for Downward Departure Based on Substantial Assistance (#18, filed June 3, 2008) is GRANTED.**

**ORDERED: 3.     The Government's Motion Pursuant to U.S.S.G. §3E1.1(b) (#19, filed July 3, 2008) is GRANTED.**

**ORDERED: 4.     Defendant is imprisoned for a term of forty-two months.**

The court recommends either a facility in Colorado or FPC Lompoc for service of sentence.

**ORDERED: 5.     Upon release from imprisonment, defendant shall be placed on supervised release for a period of three years.**

**ORDERED: 6.     Within seventy-two hours of his release from the custody of the Bureau of Prisons, defendant will report in person to the probation office in the district in which he is released.**

**ORDERED: 7.     Conditions of supervised release are:**

    **a.     Defendant is to observe all of the standard conditions of supervised release.**

    **b.     Defendant is not to possess any firearm, destructive device or any other dangerous weapon as defined by federal or state statute.**

      c.  **Defendant is not to illegally possess or use controlled substances.**

      d.  **The drug testing condition is suspended.**

      e.  **Defendant is not to commit a federal, state, or local crime.**

      f.  **Defendant shall cooperate in the collection of DNA as directed by the probation officer.**

      g.  **Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with all periodic payment obligations imposed pursuant to the court's judgment and sentence.**

**ORDERED: 8.**  **Defendant shall make restitution payments in the total amount of $4,427,828.02. It is to be satisfied no later than when the term of supervision expires. It is due and payable during the term of incarceration. Any unpaid balance is to be paid during the term of supervision in either a lump sum or in equal monthly installments, commencing within thirty days of release. The interest requirement is waived.**

**ORDERED: 9.**  **Defendant shall pay a special assessment fee of $100 due immediately.**

**ORDERED: 10.**  **Payments made pursuant to the court's judgment shall be applied in the following order: (i.) special assessment, (ii.) restitution principal.**

**ORDERED: 11.**  **Plea agreement is accepted.**

Defendant is advised of his right to appeal.

Defendant is ordered to surrender himself voluntarily to the facility designated by the United States Bureau of Prisons within fifteen days of the date of designation.

**3:10 p.m.**  Court in recess.
Hearing concluded.
Total time in court:  00:48