**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Criminal Action No. 07-cr-00516-MSK**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**

**1. DAVID WILLIAM THOMAS,**

       **Defendant.**

---

## ORDER DENYING MOTION TO QUASH

**THIS MATTER** comes before the Court on the Motions to Quash **(#75, 76)** a subpoena issued to Edward D. Jones & Co., L.P. ("Edward Jones"), filed by the Defendant David William Thomas, his wife, Diane Thomas, and the Thomas Family Trust (collectively, the Movants), and the government's Response **(#78)**.

In 2008, the Defendant pled guilty to conspiracy to commit securities fraud and money laundering. The Court entered judgment against him, sentencing him to 42 months imprisonment and three years' supervised release, and ordering him to pay restitution in the amount of $4,427,828.02. The government represents that the Defendant still owes $4,366,575.97 in restitution, and seeks to collect it from his assets.

According to the government, an investigation into the Defendant's financial condition has been ongoing since 2014. The government represents that the investigation revealed that after being charged, but prior to pleading guilty, the Defendant attempted to conceal assets by transferring all of his interests in real or personal property to the Thomas Family Trust and to at least one Edward Jones' account held in Mrs. Thomas's name. In response to the Defendant's

attempt to conceal assets and as part of its ongoing investigation, the government obtained account statements from seven accounts at Edward Jones belonging to the Defendant, his wife, and/or the Family Trust.  The government asserts that the statements indicate a reason to believe that the Defendant has fraudulently transferred additional funds from his Edward Jones' accounts into accounts owned by Mrs. Thomas or the Family Trust.

The government obtained a writ of garnishment as to the seven Edward Jones accounts. The government represents that it intends to seek an order of garnishment of $85,002.78 from several of the accounts — a portion of the funds coming from a "joint" account held by the Defendant and Mrs. Thomas, and other funds coming from transfers made from the joint account into separate accounts held solely by Mrs. Thomas.

The parties disagree, however, about the legal status and ownership of the Edward Jones accounts.  Purportedly to clear up the confusion regarding the accounts, the government served a subpoena on Edward Jones.  Although the box for "production" of documents on the subpoena is not checked, Attachment A to the subpoena requests testimony and responsive documents regarding the past and current ownership status of each of the accounts.  The government asserts that such evidence is necessary to establish whether the Defendant has engaged in additional fraudulent transfers and to determine what interest, if any, the Defendant has had in the accounts over the course of Edward Jones's administration of the property held in the accounts.

The Defendant, his wife, and the Family Trust move to quash the subpoena pursuant to the customer challenge provision of the Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. § 3410.  Section 3410 provides that when the government seeks to obtain a customer's financial records from a financial institution, the customer may file an appropriate motion to quash or modify the subpoena.  The motion must state, among other things, the applicant's

reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the government, or that there has not been substantial compliance with the provisions of the RFPA.[1]  28 U.S.C. § 3410.

In their motions, the Movants argue that the subpoena must be quashed for several reasons.  First, they argue that the subpoena is "incomplete, inaccurate, invalid, and improper as to form and substance."  Specifically, the Movants asset that the subpoena must be quashed because (1) it is undated, (2) it is confusing as to whether documents are requested because the box for "production" is not checked, but the attachment and the government's notices indicate that records are requested, and (3) the subpoena was issued on a form used in civil cases, but this is a criminal action.

To the extent the Movants are arguing that the government failed to substantially comply with the RFPA, the Court rejects that argument.  There is no evidence of record that the government did not substantially comply with the RFPA.  Nor do the minor defects identified by the Movants (if they can be considered defects at all) otherwise invalidate the subpoena.  A date was included on the proof of service attached to the subpoena, and Attachment A clearly indicates that documents are requested from Edward Jones.  Moreover, the government represents that it has communicated with Edward Jones's counsel, who understands that the subpoena does request the production of documents, in addition to testimony.  The government also represents that it has cured such defects by serving a corrected subpoena, with the box for "production" checked, on Edward Jones's and the Movants' counsel.

---

[1] The Act requires, for example, that when the government seeks to obtain financial records of a customer held at a financial institution via subpoena, the government must serve a copy of the subpoena on the customer along with a notice that states the nature of the government's law enforcement inquiry and sets forth the procedures by which the customer may challenge the disclosure of records pursuant to 28 U.S.C. § 3410.  *See* 28 U.S.C. § 3407.

In addition, the Court finds no merit to the argument that the subpoena is invalid because it is on a civil subpoena form. Under 18 U.S.C. § 3613, the government has the authority to enforce a restitution "in accordance with the practices and procedures for the enforcement of a civil judgment" under federal law. *See also* 18 U.S.C. § 3664(m)(1)(A). Thus, the issuance of a civil subpoena under Fed. R. Civ. P. 45 by the government is an appropriate means of seeking information related to the enforcement of the restitution order.

Next, the Movants argue that the subpoena must be quashed because it is "inaccurate, vague, broad and overreaching with confusing and questionable requests for production and testimony of records and information regarding accounts that are not connected or relevant to the above-referenced criminal case." Despite the conclusory nature of this assertion, the Court understands the Movants to argue that information related to accounts held by Mrs. Thomas and/or the Family Trust, neither of whom are defendants in this action, is irrelevant to the government's law enforcement inquiry. Mrs. Thomas states that the Defendant "has no interest, control or authority in [her] accounts."

The Court disagrees. The imposition of a restitution order results in a lien in favor of the government on all of the Defendant's property, and rights to property. 18 U.S.C. § 3613(c), (f). Thus, the government has an interest in all of the Defendant's property for purposes of enforcing the restitution order and collecting the unpaid debt. As previously noted, the government may enforce the restitution order in accordance with the practices and procedures for collecting a civil judgment under federal law. 18 U.S.C. § 3613(c); *see also* 28 U.S.C. § 3202 (setting forth procedures to enforce judgments). Under the Federal Debt Collection Procedures Act (FDCPA), the government may have discovery regarding the financial condition of the debtor (the Defendant) in the same manner in which discovery is authorized under the Federal Rules of Civil

Procedure in an action on a claim for a debt.  28 U.S.C. § 3015.  In turn, Fed. R. Civ. P. 69 permits discovery in aid of execution of a judgment "from *any person*—including the judgment debtor—as provided in these rules . . . ," and Fed. R. Civ. P. 26 permits discovery relevant to any claim or defense.

Here, the government's stated purpose for seeking the financial records of accounts held by Mrs. Thomas and/or the Family Trust is to establish whether and the extent to which the Defendant has an interest in such accounts so that it may enforce the restitution order and collect an unpaid debt.  Notwithstanding the fact that Mrs. Thomas and the Family are not defendants in this action, in light of the Defendant's proclivity for concealing assets in which the government has a legitimate interest, the Court finds that the disclosure of information related to accounts held by Mrs. Thomas and/or the Family Trust are relevant to the government's inquiry into the Defendant's financial condition for purposes of enforcing the restitution order.

Finally, the Movants argue that sending their counsel to attend the deposition in Missouri will impose a financial hardship on them.  However, the government represents that it has advised Movants' counsel that he may attend the deposition via video teleconference at the U.S. Attorney's Office in Denver, thereby eliminating the need to travel.  In the absence of any other showing of hardship, the Court finds none that justifies quashing of the subpoenas.

Accordingly, the Motions to Quash or Modify Subpoena **(#75, 76)** are **DENIED**.

Dated this 24th day of April, 2015.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger

6

                    Chief United States District Judge